IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01425-DDD-MEH

---

**THE ESTATE OF JON L. BOGUE**, an Estate of a Deceased Individual, and **VICKI L. McCORKLE**, the Executrix of The Estate of Jon L. Bogue;

        Plaintiffs and Counterclaim Defendants,

v.

**PATRICK S. ADAMS**, an Individual, **SHARON E. ADAMS**, an Individual, **JOHN ALAN FAVRE**, an Individual, **SINH T. LY**, an Individual, **RICHARD J. PRATI SR.**, an Individual; **CHOICE INVESTMENT MANAGEMENT, LLC**, a Colorado Limited Liability Company, **CHOICE CAPITAL MANAGEMENT, LLC**, a Colorado Limited Liability Company, **CIM SECURITIES, LLC**, a Colorado Limited Liability Company; and **PVG ASSET MANAGEMENT CORPORATION**, a Colorado Corporation;

        Defendants and Counterclaimants.

---

# NOTICE OF SUBPOENAS

---

**TO:**

Stephen E. Csajaghy
Condit Csajaghy, LLC
695 South Colorado Blvd., Suite 270
Denver, CO 80246

*Attorney for Defendants, Patrick S. Adams, Sharon E. Adams, Sinh T. Ly, Richard J. Prati, Sr., Joseph N. Pecoraro, Jr., Choice Investment Management, LLC, Choice Capital Management, LLC, CIM Securities, LLC and PVG Asset Management Corporation*

Jeffrey R. Thomas
Thomas Law LLC
3773 Cherry Creek North Dr., Suite 600
Denver, CO 80209

*Attorney for Defendant, John Alan Favre*

**PLEASE TAKE NOTICE**, pursuant to Federal Rule of Civil Procedure 45, that Plaintiffs, by and through the undersigned, intend to serve subpoenas, in the forms attached hereto, upon the persons or entities identified in each of the attached subpoenas, on December 6, 2019, or as soon thereafter as service may be effectuated.

DATED:  December 6, 2019

/s/ James N. Thomaidis
James N. Thomaidis, Esq.
GERSH & THOMAIDIS, LLC
1860 Blake Street, Suite 610
Denver, CO 80202
Telephone: (303) 293-2333
E-mail: jt@gtattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2019, a true and correct copy of the foregoing **NOTICE OF SUBPOENAS** was served via e-mail upon all counsel of record, as indicated below:

Stephen E. Csajaghy
Condit Csajaghy, LLC
695 South Colorado Blvd., Suite 270
Denver, CO 80246
E-mail: steve@cclawcolorado.com

*Attorney for Defendants, Patrick S. Adams, Sharon E. Adams, Sinh T. Ly, Richard J. Prati, Sr., Joseph N. Pecoraro, Jr., Choice Investment Management, LLC, Choice Capital Management, LLC, CIM Securities, LLC and PVG Asset Management Corporation*

Jeffrey R. Thomas
Thomas Law LLC
3773 Cherry Creek North Dr., Suite 600
Denver, CO 80209
E-Mail: jthomas@thomaslawllc.com

*Attorney for Defendant, John Alan Favre*

/s/ James N. Thomaidis
Attorney

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF COLORADO

THE ESTATE OF JON L. BOGUE, an Estate of a Deceased Individual, and
VICKI L. McCORKLE, the Executrix of The Estate of Jon L.Bogue

_____
*Plaintiff*

PATRICK S. ADAMS, an Individual, SHARON E. ADAMS, an Individual, JOHN ALAN FAVRE, an
Individual, SINH T. LY, an Individual, RICHARD J. PRATI SR., an Individual, CHOICE INVESTMENT
MANAGEMENT, LLC, a Colorado Limited Liability Company, CHOICE CAPITAL MANAGEMENT,
LLC, a Colorado Limited Liability Company, CIM SECURITIES, LLC, a Colorado Limited Liability
Company, and PVG ASSET MANAGEMENT CORPORATION, a Colorado Corporation
_____
*Defendant*

)
)
)
)
)
)
)
)

Civil Action No.  18-CV-01425-DDD-MEH

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Trevor Moss, in his personal capacity, and as the beneficiary and/or trustee of the HAWM Consulting, Inc. 401K FBO Trevor Moss, the HAWM Consulting, Inc. Defined Benefit Plan, the Trevor Moss IRA, and the Moss Family Trust dated 2004, 1601 Boonville Road, Ukiah, CA 95482

_____
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **SEE ATTACHMENT A**

| Place:  Frazier and Associates<br>308 South School Street<br>Ukiah, CA 95482 | Date and Time:    Tuesday, December 17, 2019<br>5:00 pm Mountain Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  December 3, 2019
_____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Estate of Jon L. Bogue, an
Estate of a Deceased Individual, and Vicki L. McCorkle, the Executrix of the Estate of Jon L. Bogue  , who issues or requests this subpoena, are:

James N. Thomaidis, Esq., Gersh & Thomaidis, LLC, 1860 Blake Street, Suite 610, Denver, Colorado, 80202, jt@gtattorneys.com, (303) 293-2333

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## *ATTACHMENT A* TO PLAINTIFFS' SUBPOENA TO PRODUCE
## TO TREVOR MOSS

### DEFINITIONS

A.      As used herein, the term "Document" means a document, as described or referenced in Fed. R. Civ. P. 34, and includes, but is not limited to, the original, and any non-identical copy, of any record, writing, drawing, electronic record or file, audio or video recording, electronic mail, graph, chart, photograph, or any other data compilation, regardless of format or method of storage, whether hard copy or digital, which contains information or from which information can be obtained.

B.      As used herein, the term "Person" includes a natural person, firm, association, organization, partnership, business, trust, corporation, and any other public or private entity.

C.      As used herein, the term "You," or "Your" means Trevor Moss, an individual, a trustee and beneficiary of the Moss Family Trust Dated 2004, a beneficiary of the HAWM Consulting, Inc. 401K FBO Trevor Moss, and a beneficiary of the HAWM Consulting, Inc. Defined Benefit Plan, and includes all agents, representatives, contractors, affiliates, and other persons acting on Your behalf.

D.      As used herein, the terms "reflect", "refer to", "relate to", "relating to" "concerning", "regarding", and "pertaining to", when used in connection with any given or stated subject matter, means, identifying, evidencing, describing, discussing, assessing, stating, reflecting, constituting, containing, embodying, and/or referring directly or indirectly to, in any way, the particular subject matter identified.

E.      As used herein the term "Communication" means any transmission of information by one or more Persons and/or between two or more Persons by any means, including telephone conversations (and/or notes relating to regarding the same), letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, memoranda and face-to-face conversations.

F.      As used herein the term "Investment" means any asset or other item of any kind, acquired with the goal of generating income or appreciation, including a monetary or security asset purchased with the idea that the asset will provide income in the future or will later be sold at a higher price for a profit.

G.      As used herein the term "Business Venture" means a business or business entity created or developed with the intent of profiting financially or a venture invested in by one or more Persons with the expectation of the venture creating a financial gain for such Persons, as investors.

### INSTRUCTIONS

A.      The subpoena herein seeks Documents and Communications created between January 1, 2005 and the present date, except where expressly stated otherwise.

B.      You are required to produce all Documents and Communications responsive to this subpoena that are in Your possession, custody, or control, even if certain such Documents

1

and Communications are in the actual possession of a third party, to the extent that you can reasonably assert control over such Documents and Communications.

C.     If any responsive Document or Communication was, but is no longer, in existence or in Your possession, custody or control, identify its current or last known custodian, the location/address of each such Document or Communication, and describe in full why the Document or Communication is no longer in existence or within Your possession, custody or control.

D.     The use of the past or present tense herein shall be construed to make this subpoena inclusive rather than exclusive.

E.     The use of the disjunctive ("or") or the conjunctive ("and") shall be construed to make this subpoena inclusive rather than exclusive.

F.     The use of singular or plural terms shall be construed to make this subpoena inclusive rather than exclusive and undefined terms should be given their commonly accepted meaning.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following, in accordance with the Definitions and Instructions, above:

1.     All Documents relating to or regarding Patrick Adams, Sharon E. Adams, John Alan Favre, Sinh T. Ly, Richard J. Prati Sr. or Joseph N. Pecoraro Jr., along with all Documents pertaining to any Investment or Business Venture promoted by or controlled by these Persons.

2.     All Communications to, from, relating to or regarding Patrick Adams, Sharon E. Adams, John Alan Favre, Sinh T. Ly, Richard J. Prati Sr., or Joseph N. Pecoraro Jr., along with all Communications pertaining to any Investment or Business Venture promoted by or controlled by these Persons.

3.     All Documents relating to or regarding Choice Investment Management, LLC, Choice Capital Management, LLC, CIM Securities, LLC, and PVG Asset Management Corp., along with all Documents pertaining to any Investment or Business Venture promoted by or controlled by these Persons.

4.     All Communications to, from, relating to or regarding Choice Investment Management, LLC, Choice Capital Management, LLC, CIM Securities, LLC, and PVG Asset Management Corp., along with all Communications pertaining to any Investment or Business Venture promoted by or controlled by these Persons.

5.     All Documents or Communications relating to or regarding the Adams Market Neutral Fund LLLP, Cynergy All Seasons Fund, LP, Cynergy Healthcare Investors Emerging Bridge, LLC, Cynergy Emerging Growth, LLC, Cynergy CP, LLC, Life Care Medical Devices Ltd., Maroon Bells of Colorado, Inc. and Centennial Brands, Inc.

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01425-DDD-MEH

---

**THE ESTATE OF JON L. BOGUE,** an Estate of a Deceased Individual, and **VICKI L. McCORKLE,** the Executrix of The Estate of Jon L. Bogue;

        Plaintiffs and Counterclaim Defendants,

v.

**PATRICK S. ADAMS,** an Individual, **SHARON E. ADAMS,** an Individual, **JOHN ALAN FAVRE,** an Individual, **SINH T. LY,** an Individual, **RICHARD J. PRATI SR.,** an Individual; **CHOICE INVESTMENT MANAGEMENT, LLC,** a Colorado Limited Liability Company, **CHOICE CAPITAL MANAGEMENT, LLC,** a Colorado Limited Liability Company, **CIM SECURITIES, LLC,** a Colorado Limited Liability Company; and **PVG ASSET MANAGEMENT CORPORATION,** a Colorado Corporation;

        Defendants and Counterclaimants.

---

## ACCEPTANCE OF SERVICE AND WAIVER OF SERVICE OF PROCESS

---

To: James N. Thomaidis, Esq., GERSH & THOMAIDIS, LLC, 1860 Blake Street, Suite 610, Denver, Colorado 80202-1263

I, the undersigned, have received your request to waive service of a subpoena *duces tecum* in this action along with a copy of the subpoena.

I, and the individual and entities I represent, Trevor Moss, in his personal capacity, and as the beneficiary and/or trustee of the HAWM Consulting, Inc. 401K FBO Trevor Moss, the HAWM Consulting, Inc. Defined Benefit Plan, the Trevor Moss IRA, and the Moss Family Trust dated 2004 (hereinafter collectively referred to as "Trevor Moss"), agree to save the expense of serving the attached subpoena.

I understand that I, and the individual and entities I represent, Trevor Moss, will keep all defenses or objections to the subpoena, but that I waive any objections to service.

I, the undersigned, have been duly authorized to waive and accept service by Trevor Moss.

The undersigned acknowledges that service has been made upon Trevor Moss, and Trevor Moss waives formal and personal service of process, and hereby agrees that this Acceptance of Service and Waiver of Service of Process shall have the same force and effect for all purposes as if the above-mentioned subpoena was personally served upon Trevor Moss, in the State of California, on the date set forth below, pursuant to the requirements of Fed. R. Civ. P. 4(e).

DATED this 6 day of December, 2019.

Scott C. Sandberg (#33566)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: (303) 839-3800
Email: ssandberg@spencerfane.com

*Attorney for Trevor Moss and Trudy Moss, in their personal capacities and as the beneficiaries and/or trustees of the HAWM Consulting, Inc. 401K FBO Trevor Moss, the HAWM Consulting, Inc. 401K FBO Trudy Moss, the HAWM Consulting, Inc. Defined Benefit Plan, the Trevor Moss IRA, and the Moss Family Trust dated 2004*

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF COLORADO

THE ESTATE OF JON L. BOGUE, an Estate of a Deceased Individual, and
VICKI L. McCORKLE, the Executrix of The Estate of Jon L.Bogue

<table>
<tr><td><i>Plaintiff</i></td><td>)</td><td rowspan="6">Civil Action No.   18-CV-01425-DDD-MEH</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>PATRICK S. ADAMS, an Individual, SHARON E. ADAMS, an Individual, JOHN ALAN FAVRE, an Individual, SINH T. LY, an Individual, RICHARD J. PRATI SR., an Individual, CHOICE INVESTMENT MANAGEMENT, LLC, a Colorado Limited Liability Company, CHOICE CAPITAL MANAGEMENT, LLC, a Colorado Limited Liability Company, CIM SECURITIES, LLC, a Colorado Limited Liability Company, and PVG ASSET MANAGEMENT CORPORATION, a Colorado Corporation</td><td>)<br>)<br>)<br>)<br>)</td></tr>
<tr><td><i>Defendant</i></td><td>)</td></tr>
</table>

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Trudy Moss, in her personal capacity, and as the beneficiary and/or trustee of the HAWM Consulting, Inc. 401K FBO Trudy Moss, the HAWM Consulting, Inc. Defined Benefit Plan, the Trevor Moss IRA, and the Moss Family Trust dated 2004, 1601 Boonville Road, Ukiah, CA 95482

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **SEE ATTACHMENT A**

<table>
<tr><td>Place:   Frazier and Associates<br>308 South School Street<br>Ukiah, CA 95482</td><td>Date and Time:    Tuesday, December 17, 2019<br>5:00 pm Mountain Time</td></tr>
</table>

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

<table>
<tr><td>Place:</td><td>Date and Time:</td></tr>
</table>

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   December 3, 2019

*CLERK OF COURT*

                                                                         OR

_____              _____
    *Signature of Clerk or Deputy Clerk*                                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   The Estate of Jon L. Bogue, an Estate of a Deceased Individual, and Vicki L. McCorkle, the Executrix of the Estate of Jon L. Bogue   , who issues or requests this subpoena, are:

James N. Thomaidis, Esq., Gersh & Thomaidis, LLC, 1860 Blake Street, Suite 610, Denver, Colorado, 80202, jt@gtattorneys.com, (303) 293-2333

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____  .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____  .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## *ATTACHMENT A* **TO PLAINTIFFS' SUBPOENA TO PRODUCE TO TRUDY MOSS**

### DEFINITIONS

A.      As used herein, the term "Document" means a document, as described or referenced in Fed. R. Civ. P. 34, and includes, but is not limited to, the original, and any non-identical copy, of any record, writing, drawing, electronic record or file, audio or video recording, electronic mail, graph, chart, photograph, or any other data compilation, regardless of format or method of storage, whether hard copy or digital, which contains information or from which information can be obtained.

B.      As used herein, the term "Person" includes a natural person, firm, association, organization, partnership, business, trust, corporation, and any other public or private entity.

C.      As used herein, the term "You," or "Your" means Trudy Moss, an individual, a trustee and beneficiary of the Moss Family Trust Dated 2004, a beneficiary of the HAWM Consulting, Inc. 401K FBO Trudy Moss, and a beneficiary of the HAWM Consulting, Inc. Defined Benefit Plan, and includes all agents, representatives, contractors, affiliates, and other persons acting on Your behalf.

D.      As used herein, the terms "reflect", "refer to", "relate to", "relating to" "concerning", "regarding", and "pertaining to", when used in connection with any given or stated subject matter, means, identifying, evidencing, describing, discussing, assessing, stating, reflecting, constituting, containing, embodying, and/or referring directly or indirectly to, in any way, the particular subject matter identified.

E.      As used herein the term "Communication" means any transmission of information by one or more Persons and/or between two or more Persons by any means, including telephone conversations (and/or notes relating to regarding the same), letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, memoranda and face-to-face conversations.

F.      As used herein the term "Investment" means any asset or other item of any kind, acquired with the goal of generating income or appreciation, including a monetary or security asset purchased with the idea that the asset will provide income in the future or will later be sold at a higher price for a profit.

G.      As used herein the term "Business Venture" means a business or business entity created or developed with the intent of profiting financially or a venture invested in by one or more Persons with the expectation of the venture creating a financial gain for such Persons, as investors.

### INSTRUCTIONS

A.      The subpoena herein seeks Documents and Communications created between January 1, 2005 and the present date, except where expressly stated otherwise.

B.      You are required to produce all Documents and Communications responsive to this subpoena that are in Your possession, custody, or control, even if certain such Documents

1

and Communications are in the actual possession of a third party, to the extent that you can reasonably assert control over such Documents and Communications.

C.    If any responsive Document or Communication was, but is no longer, in existence or in Your possession, custody or control, identify its current or last known custodian, the location/address of each such Document or Communication, and describe in full why the Document or Communication is no longer in existence or within Your possession, custody or control.

D.    The use of the past or present tense herein shall be construed to make this subpoena inclusive rather than exclusive.

E.    The use of the disjunctive ("or") or the conjunctive ("and") shall be construed to make this subpoena inclusive rather than exclusive.

F.    The use of singular or plural terms shall be construed to make this subpoena inclusive rather than exclusive and undefined terms should be given their commonly accepted meaning.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following, in accordance with the Definitions and Instructions, above:

1.    All Documents relating to or regarding Patrick Adams, Sharon E. Adams, John Alan Favre, Sinh T. Ly, Richard J. Prati Sr. or Joseph N. Pecoraro Jr., along with all Documents pertaining to any Investment or Business Venture promoted by or controlled by these Persons.

2.    All Communications to, from, relating to or regarding Patrick Adams, Sharon E. Adams, John Alan Favre, Sinh T. Ly, Richard J. Prati Sr., or Joseph N. Pecoraro Jr., along with all Communications pertaining to any Investment or Business Venture promoted by or controlled by these Persons.

3.    All Documents relating to or regarding Choice Investment Management, LLC, Choice Capital Management, LLC, CIM Securities, LLC, and PVG Asset Management Corp., along with all Documents pertaining to any Investment or Business Venture promoted by or controlled by these Persons.

4.    All Communications to, from, relating to or regarding Choice Investment Management, LLC, Choice Capital Management, LLC, CIM Securities, LLC, and PVG Asset Management Corp., along with all Communications pertaining to any Investment or Business Venture promoted by or controlled by these Persons.

5.    All Documents or Communications relating to or regarding the Adams Market Neutral Fund LLLP, Cynergy All Seasons Fund, LP, Cynergy Healthcare Investors Emerging Bridge, LLC, Cynergy Emerging Growth, LLC, Cynergy CP, LLC, Life Care Medical Devices Ltd., Maroon Bells of Colorado, Inc. and Centennial Brands, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01425-DDD-MEH

---

THE ESTATE OF JON L. BOGUE, an Estate of a Deceased Individual, and VICKI L. McCORKLE, the Executrix of The Estate of Jon L. Bogue;

      Plaintiffs and Counterclaim Defendants,

v.

PATRICK S. ADAMS, an Individual, SHARON E. ADAMS, an Individual, JOHN ALAN FAVRE, an Individual, SINH T. LY, an Individual, RICHARD J. PRATI SR., an Individual; CHOICE INVESTMENT MANAGEMENT, LLC, a Colorado Limited Liability Company, CHOICE CAPITAL MANAGEMENT, LLC, a Colorado Limited Liability Company, CIM SECURITIES, LLC, a Colorado Limited Liability Company; and PVG ASSET MANAGEMENT CORPORATION, a Colorado Corporation;

      Defendants and Counterclaimants.

---

### ACCEPTANCE OF SERVICE AND WAIVER OF SERVICE OF PROCESS

---

To:   James N. Thomaidis, Esq., GERSH & THOMAIDIS, LLC, 1860 Blake Street, Suite 610, Denver, Colorado 80202-1263

I, the undersigned, have received your request to waive service of a subpoena *duces tecum* in this action along with a copy of the subpoena.

I, and the individual and entities I represent, Trudy Moss, in her personal capacity, and as the beneficiary and/or trustee of the HAWM Consulting, Inc. 401K FBO Trudy Moss, the HAWM Consulting, Inc. Defined Benefit Plan, the Trevor Moss IRA, and the Moss Family Trust dated 2004 (hereinafter collectively referred to as "Trudy Moss"), agree to save the expense of serving the attached subpoena.

I understand that I, and the individual and entities I represent, Trudy Moss, will keep all defenses or objections to the subpoena, but that I waive any objections to service.

I, the undersigned, have been duly authorized to waive and accept service by Trudy Moss.

The undersigned acknowledges that service has been made upon Trudy Moss, and Trudy Moss waives formal and personal service of process, and hereby agrees that this Acceptance of Service and Waiver of Service of Process shall have the same force and effect for all purposes as if the above-mentioned subpoena was personally served upon Trudy Moss, in the State of California, on the date set forth below, pursuant to the requirements of Fed. R. Civ. P. 4(e).

DATED this ⟋ day of December, 2019.

Scott C. Sandberg (#33566)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: (303) 839-3800
Email: ssandberg@spencerfane.com

*Attorney for Trevor Moss and Trudy Moss, in their personal capacities and as the beneficiaries and/or trustees of the HAWM Consulting, Inc. 401K FBO Trevor Moss, the HAWM Consulting, Inc. 401K FBO Trudy Moss, the HAWM Consulting, Inc. Defined Benefit Plan, the Trevor Moss IRA, and the Moss Family Trust dated 2004*

2