**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01425-DDD-MEH

_____

**THE ESTATE OF JON L. BOGUE**, an Estate of a Deceased Individual, and
**VICKI L. McCORKLE**, the Executrix of The Estate of Jon L. Bogue;

      Plaintiffs and Counterclaim Defendants,

v.

**PATRICK S. ADAMS**, an Individual,
**SHARON E. ADAMS**, an Individual,
**JOHN ALAN FAVRE**, an Individual,
**SINH T. LY**, an Individual,
**RICHARD J. PRATI, SR.**, an Individual,
**CHOICE INVESTMENT MANAGEMENT, LLC**, a Colorado Limited Liability Company,
**CHOICE CAPITAL MANAGEMENT, LLC**, a Colorado Limited Liability Company,
**CIM SECURITIES, LLC**, a Colorado Limited Liability Company, and
**PVG ASSET MANAGEMENT CORPORATION**, a Colorado Corporation;

      Defendants and Counterclaimants.

_____

**PLAINTIFFS' FED. R. CIV. P. 72(b) OBJECTION TO MAGITRATE RECOMMENDATION**
_____

Plaintiffs and Counterclaim Defendants, The Estate of Jon L. Bogue, an Estate of a Deceased Individual (the "Estate"), by and through Vicki L. McCorkle, in her capacity as the Executrix of the Estate (collectively "Plaintiffs"), hereby file this Fed. R. Civ. P. 72(b) Objection to the Recommendation of United States Magistrate Judge, filed on March 30, 2023 [Dkt. No. 320] (the "Recommendation"), and in support thereof, state as follows:

**Local Rule 7.1(a) Certification**: Pursuant to D.C.COLO.LCivR. 7.1, counsel for Plaintiffs conferred with counsel for Defendants regarding the relief requested in this Fed. R. Civ. P. 72(b)

Objection. Counsel for Defendants and Counter Claimants, Patrick S. Adams, Sharon E. Adams, Sinh T. Ly, Richard J. Prati, Sr., Choice Investment Management, LLC, Choice Capital Management, LLC, CIM Securities, LLC and PVG Asset Management Corporation (collectively "Defendants"), oppose and Plaintiffs proceed accordingly.

## I. OBJECTION

A party may object to the recommendation of a magistrate judge, as long as such objection is timely and specific. *See e.g. United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Objections must be made within 14 days of receipt of the magistrate judge's recommendation. Fed. R. Civ. P. 72(b)(2). An objection is proper if it is sufficiently specific "to focus district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d at 1059. The district court reviews *de novo* any part of the recommendation that is properly objected to. Fed. R Civ. P. 72(b)(3).

The Recommendation states, referencing Dkt. No. 309, that "[t]he Court acknowledges that some of the Clerk's notations on the filing refer to a singular 'Plaintiff' but the filing correctly notes the Court's Final Judgment was entered against 'Plaintiffs' and the docket appropriately notes the Costs Taxed are 'against Plaintiff The Estate of Jon L. Bogue, ***et al.***'" (*See* Recommendation, p.3, fn1) (emphasis in original). Ambiguities such as this require the Court's clarification.

The Estate's Executrix, Vicki L. McCorkle, has been acting in her capacity as a personal representative of the Estate since the outset of this litigation [Dkt. No. 1], consistent with her fiduciary obligation to seek to recover possession of any property of the Estate. In Colorado, C.R.S. 15-12-709 expressly makes it a personal representative's duty to sue for, recover, and

2

preserve the estate, both as to real and personal property. *See e.g. Gushurst v. Benham*, 151 Colo. 159 , 376 P.2d 687 (1962).  In Indiana, an analog directs that a personal representative "shall have full power to maintain any suit in any court of competent jurisdiction, ***in his name as such personal representative***, for any demand of whatever nature due the decedent or his estate or for the recovery of possession of any property of the estate. Ind. Code § 29-1-13-3 (emphasis added).

While the Recommendation makes clear that, "[a]s an initial matter, the Application clearly identifies Plaintiff McCorkle in her capacity as an Executrix; there is no confusion about her role" (*see* Recommendation, p.3, ¶2), it also directs, "[a]ppropriately, [Defendants'] Application identifies the parties against whom the Final Judgment and Judgment of Costs Taxed have been entered-- both Plaintiffs-- as Judgment Debtors. (*Id.*, ¶3).  At least as to third parties, this Court should ensure that there is no confusion about Vicki L. McCorkle's role.

Further, based on the discovery Defendants submitted to Plaintiffs today, such clarification and this objection under F.R.C.P. 72(b) are necessary. (*See* E-mail and Attachments from Defendants' Counsel, April 13, 2023, attached as **Exhibit 1**).  For example, there is no scenario where the interrogatories "[s]tate the full name, address and telephone number of all your employers or businesses during the period in question, and state the nature of your present occupation" (*see* **Ex. 1**, p.2) or "[i]f you do not own the property where you currently reside, set forth the name, address and telephone number of the person(s) who owns the residence, the amount of your rent, and the frequency with which your rent must be paid" (*see* **Ex. 1**, p.6) represent anything other than intended conflation of the personal representative with the individual.

## II.   CONCLUSION

The Recommendation, filed on March 30, 2023 [Dkt. No. 320], should be rejected and

vacated or, at minimum, should be modified to clarify the judgment debtors.

WHEREFORE, for the foregoing reasons, the Magistrate Judge's recommendation should be rejected, or the mandates to third parties in the Writs of Garnishment clarified.

DATED this 13th day of April, 2023.

By: */s/ James N. Thomaidis*
James N. Thomaidis
GERSH & THOMAIDIS, LLC
1860 Blake Street, Suite 610
Denver, CO 80202-1263
Telephone: (303) 293-2333
E-mail: jt@gtattorneys.com

*Attorneys for Plaintiffs, the Estate of Jon L. Bogue, by and through its Executrix, Vicki L. McCorkle*

4

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 13th day of April, 2023, a true copy of the foregoing **PLAINTIFFS' FED. R. CIV. P. 72(B) OBJECTION TO MAGITRATE RECOMMEND-ATION**, was filed via CM/ECF and served on the following:

| | |
|---|---|
| Stephen E. Csajaghy<br>Condit Csajaghy, LLC<br>695 South Colorado Blvd.<br>Suite 270<br>Denver, CO 80246<br>Telephone: (720) 287-6602<br>E-mail: steve@cclawcolorado.com<br><br>*Attorney for Defendants, Patrick S. Adams, Sharon E. Adams, Sinh T. Ly, Richard J. Prati, Sr., Joseph N. Pecoraro, Jr., Choice Investment Management, LLC, Choice Capital Management, LLC, CIM Securities, LLC and PVG Asset Management Corporation* | Jeffrey R. Thomas<br>Thomas Law LLC<br>3773 Cherry Creek North Dr.<br>Suite 600<br>Denver, CO 80209<br>Telephone: 720-330-2805<br>E-Mail: jthomas@thomaslawllc.com<br><br>*Attorney for Defendant, John Alan Favre* |

                                              */s/ James N. Thomaidis*
                                              Attorney